J-S71017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| DIANA BROWN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL BROWN | : | |
| | : | |
| Appellant | : | No. 1174 EDA 2019 |

Appeal from the Order Entered March 29, 2019
In the Court of Common Pleas of Monroe County Domestic Relations at
No(s): 8963-CV-2017 & 971-DR-2014

BEFORE: BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY MURRAY, J.: **FILED FEBRUARY 06, 2020**

Appellant Paul Brown, (Husband), appeals *pro se* from the order and decree in divorce contemporaneously entered after this Court remanded the matter for a hearing to determine "if the parties' marriage were [*sic*] irretrievably broken, and whether the separation requirements set forth in Section 3301(d)(1)(ii) have been satisfied[.]"  Order, 3/29/19; ***see also Brown v. Brown***, 2426 EDA 2018 (Pa. Super. Feb. 1, 2019) (unpublished memorandum).  We affirm.

It is undisputed that on May 1, 2015, Husband pled guilty to attempted murder of Wife, and has been incarcerated since July 28, 2015.  Wife served Husband with a complaint in divorce on November 30, 2017; Wife averred that the parties had been separated since September 2014.  N.T., 3/29/19, at 4.  On or about January 25, 2018, Wife mailed Husband an affidavit and

counter-affidavit at SCI Smithfield, where Husband was incarcerated. Husband did not file an answer, and on June 25, 2018, Wife filed a praecipe to transmit the record. The trial court entered a divorce decree on June 29, 2018. However, as noted above, Husband appealed and this Court remanded for an evidentiary hearing because "Husband, Wife, and the trial court all agree[d] that Husband denied one or more allegations in Wife's affidavit via preliminary objections." **Brown v. Brown**, **supra** at *2.

Following remand and a hearing, the trial court found that the parties separated in September 2014 and "remained separated since that time." Order, 3/29/19. The court added, "The parties separated as a result of Husband's attempted homicide and aggravated assault of Wife and the parties' son and has pled guilty to those charges[.]" **Id. See also** N.T., 3/29/19, at 4-5. The trial court entered the order and divorce decree on March 29, 2019. Husband filed this timely appeal, and both Husband and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Husband presents three issues:

1. Whether the Court erred by acting as counsel for [Wife].

2. Whether the Court erred by denying [Husband] the right to submit evidence into the record.

3. Whether the Trial Court erred in granting [Wife]'s divorce by way of an Order and Decree when it fail [*sic*] to allow [Husband] to fully cross-examine witness namely; the counsel letter because it's not privilege, falsification within the complaint, intrinsic fraud, oral divorce contract and improper venue.

Husband's Brief at vi.

At the outset, we recognize:

Our standard of review in divorce actions is well settled. [I]t is the responsibility of this [C]ourt to make a *de novo* evaluation of the record of the proceedings and to decide independently of the ... lower court whether a legal cause of action in divorce exists. However, in determining issues of credibility, the [lower court's] findings must be given the fullest consideration for it was the [lower court] who observed and heard the testimony and demeanor of various witnesses....

***Frey v. Frey***, 821 A.2d 623, 627 (Pa. Super. 2003) (citations omitted).

Section 3301(d) of the Divorce Code provides for a no-fault divorce if the parties have lived separate and apart for the statutory period and the marriage is irretrievably broken:

**(d) Irretrievable breakdown.—**

(1) The court may grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and an affidavit has been filed alleging that the parties have lived separate and apart for a period of at least one year and that the marriage is irretrievably broken and the defendant either:

(i) Does not deny the allegations set forth in the affidavit.

(ii) Denies one or more of the allegations set forth in the affidavit but, after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least two years and that the marriage is irretrievably broken.

23 Pa.C.S.A. § 3301(d).

In all three of his issues, Husband assails the trial court's actions at the March 29, 2019 hearing.[1]  Husband first claims that the trial court "interjected and acted as counsel" for Wife when Husband attempted to question Wife about a divorce action she initiated in Jamaica.[2]  Husband's Brief at 1. Husband references the trial court's grant of Wife's objection to the introduction of a letter from Wife's former attorney on the basis of hearsay. *See* N.T., 3/29/19, at 13 (Court asking Appellant if he had subpoenaed the lawyer, Appellant responding "No," and the court stating, "Okay, then it's sustained on hearsay objection.").  Husband also takes issue with the Court's grant of Wife's objection to his introduction of Wife's previous petition for divorce in Jamaica.  *Id.* at 14 (Court stating to Appellant, "Okay, sustained. Your next question.  I can't tell you how to do this, sir, and you're probably going to get frustrated because you're not a lawyer.  So, you need to establish a foundation.").

Consistent with the foregoing, the trial court did not act as counsel for Wife.  It is well-settled that the "admission or exclusion of evidence is within the sound discretion of the trial court." *In re B.L.L.,* 787 A.2d 1007, 1011 (Pa. Super. 2001) (citations omitted). "In reviewing a challenge to the

---

[1] In summarily disposing of Husband's issues, the trial court stated that it would "submit that all of [Husband's] issues on appeal are frivolous, which is apparent on review of the transcript from the March 29, 2019 hearing."  Trial Court Statement Pursuant to Pa.R.A.P. 1925(a), 6/11/19, at 2.

[2] As with this appeal, Husband appeared *pro se* before the trial court.

admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law." *Id.* Husband's first issue is clearly meritless.

In his second issue, Husband claims the trial court erroneously prevented him from entering into evidence and questioning Wife about her affidavit, stating that "if this document was allowed, [Husband] would have proven that [Wife] committed fraud on the court by forg[ing] her attorney['s] name and signature on the document." Husband's Brief at 5. Wife counters that this issue is meritless because Husband "does not deny that the parties have lived separate and apart since September of 2014 and he does not deny the crimes he committed caused the irretrievable breakdown." Wife's Brief at 14.

We again find no error in the trial court's exercise of its authority. As to the affidavit, Husband cross-examined Wife as follows:

> Q. Ms. Brown, did you sign and date the affidavit and fill out the certificate of compliance and forward to the Court on January 24th 2019?
>
> A. I do not have, yes, I see a document that is stamped for that date, yes.
>
> Q. So you did fill out, sign, and send the affidavit and the certificate of compliance, and file to the Court on that date?
>
> [WIFE'S ATTORNEY]: Your Honor, objection to relevance. We're here today about whether the parties were separated for a year and whether there's irretrievable breakdown of the marriage.
>
> THE COURT: Sustained.

**CROSS BY MR. BROWN**
Q. Is the affidavit signed by your attorney?

[WIFE'S ATTORNEY]: Objection.

THE COURT: Sustained for the same reason.

**CROSS BY MR. BROWN**
Q. Are you represented by an attorney in this matter?

A. Yes, I am.

Q. And when you filed that document you filed it on your own?

[WIFE'S ATTORNEY]: Objection to relevance.

THE COURT: Sustained. We're here for the sole issue the matter was remanded on. . . .

N.T., 3/29/19, at 18-19.

Again, Husband's issue is without merit, as he is assailing the authority of the trial court's proper denial of Husband's questioning and proposed submission of Wife's affidavit on the basis of relevance. ***See*** Pa.R.E. 402 ("Evidence that is not relevant is not admissible."). This Court stated unequivocally that the purpose of the hearing was to determine if the marriage was irretrievably broken, and if so, the date of separation. ***See Brown v. Brown***, 2426 EDA 2018, at *3.

Finally, and likewise without merit, Husband asserts that the trial court improperly precluded his cross-examination of Wife regarding an oral agreement between the parties for Wife to pay Husband $1,000 a month for ten years. Wife responded to this claim by stating:

- 6 -

> The purpose of the hearing was to take testimony and evidence about the date of separation and irretrievable breakdown of the marriage.

Wife's Brief at 15.

Again, the alleged agreement was not relevant to the remand hearing.

As the trial court advised Husband:

> The only issue, sir, I'll say it one more time, the only issue that I want to hear evidence and testimony on is whether the marriage is irretrievably broken, and if so, have you been separated for more than one year, end of story. Actually, just the date of separation. I'll hear testimony about the date of separation.

N.T., 3/29/19, at 20.[3]

In sum, our review reveals that Husband's issues lack merit, and the requirements for a no-fault divorce under section 3301(d) have been satisfied. *See Frey*, *supra* at 627. At the time of the hearing, the parties had been separated for more than four years, and based on the evidence, the marriage is irretrievably broken. *See id.*; 23 Pa.C.S.A. § 3301(d).

Order and decree in divorce affirmed.

---

[3] We nonetheless note Wife's testimony that there was "absolutely not" any promise or oral agreement that she would pay any money to Husband, and she "never had that conversation" to that effect with Husband. N.T., 3/29/19, at 10-11.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/6/20